IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 17-61417-CIV-MARRA

CARLOS MANUEL GARCIA, a Florida resident; ERICK JOSE REQUENA HERRERA, a Florida resident; ANDRES IGNACIO GALLEGOS GUEVARA, a Florida resident; ERNESTO RANGEL AMELII, a Florida resident; DANIELA MAGRO GARCIA, a Florida resident; DAVID FRANCISCO MAGRO GARCIA, a Florida resident; ANTONIO AMATO TUFANO, a Florida resident; NIXON TINEO, a Florida resident; RAMON ALBERTO NAVARRO CASUSO, a Florida resident; EDRIS JESUS NEGRON ROSAL, a Florida resident; JONATHAN JACQUES BENLOLO BOTBOL, a Florida resident; PIERGIOGIO SERLONI, a Florida resident; JOSE ANTONIO PADILLA VILLALBA, a Florida resident; MARIA CAROLINA YANES SIERRALTA, a Florida resident; PEDRO RAFAEL TINOCO VASQUEZ, a Florida resident; VICTOR HERNAN AMIGO ORTEGA, a Florida resident; VICTOR ALBERTO AMIGO YANES, a Florida resident; ITALIA CAMPAGNA OROPEZA, a Florida resident; VIGMA JOSEFINA PALACIOS SANTANDRUE, a Florida resident; RAFAEL RAMON DOMINGUEZ, a Florida resident; JOSE DANIEL VILLARROEL GARAY, a Connecticut resident; GLADYS JOSEFINA GUERRA ACEVEDO, a foreign resident; KELLY GARCIA COLMENARES, a foreign resident; KELLY GARCIA COLMENARES and WILLIAN JOSE MONTERO LAZO, as natural parents of M.J.M.G., minor, a foreign resident; WILLIAM JOSE MONTERO LAZO, a foreign resident; CAMILLA FERNANDA DIAZ PETKOFF, a foreign resident; YOLAID KASANDRA OROZCO DEL CORRAL, a foreign resident; MARIANNA ROJAS VELASCO, a foreign resident; MARIA CAROLINA ROMERO VILORIA, a foreign resident; MARIA CORINA ROMERO VILORIA, a foreign resident; MARIA FABIANA ROMERO VILORIA, a foreign resident; GRACIELA JOSEFINA SOSA DE VILORIA, a foreign resident; BETINA VIRGINIA ZINGG VELUTINI a foreign resident; LUIS RAFAEL TURMERO FRANCO, a foreign resident; YESENIA MICAELA VELASQUEZ GUIA, a foreign resident;

LUIS RAFAEL TURMERO FRANCO and YESENIA MICAELA VELASQUEZ GUIA as natural parents of J.L.T.V., minor, a foreign resident; LUIS RAFAEL TURMERO FRANCO and YESENIA MICAELA VELASQUEZ GUIA as natural parents of L.A.T.V., minor, a foreign resident; ELIZABETH ANTONIETA RAUSSEO DE GARCIA, a foreign resident; ROCIO DEL VALLE BELLORIN USECHE, a foreign resident; JESSENIA KUNBAZ KILZI, a foreign resident; HENRY BUCCI PELUSO, a foreign resident; ALFREDO CARABET KARABET, a foreign resident; DARWINS JOSE COLINA GUTIERREZ, a foreign resident, CARLA ANDREINA LEON BARRAGAN, a foreign resident; LOARDO JAVIER MEDINA MARTINEZ and MAGDY DEL CARMEN CAMEJO DE MEDINA as natural parents of A.M.M.C., minor, a foreign resident; LOARDO JAVIER MEDINA MARTINEZ and MAGDY DEL CARMEN CAMEJO DE MEDINA as natural parents of V.E.M.C., minor, a foreign resident; FLOR MARIAMEDINA MARTINEZ, a foreign resident; ROXANA DIER MESROP SALLOUM, a foreign resident; FLORINES MEDINA DE MILANO as natural mother of F.M.M., minor, a foreign resident; GUSTAVO JAVIER RAMIREZ GALINDO, a foreign resident; ALEJANDRA MERCEDES PINEDA ARIAS, a foreign resident; MAGDALENA LUISA PEREZ DE BENZRA, a foreign resident; MARTHA LUCIA RUEDA MARINO, a foreign resident; JAIME GAMERBERG KIZER, a foreign resident; SUSANA LEVY DE GAMERBERG, a foreign resident; MARTIN ADELSO GOMEZ SILVIO, a foreign resident; JONATHAN BENLOLO and SHARON SEGAL SHEERO as natural parents of L.B.S., minor, a foreign resident; PAOLA IANI FERRARI, a foreign resident; JOSE MIGUEL GHINAGLIA GOTTO, a foreign resident; JOSE MIGUEL GHINAGLIA GOTTO and ANA ROSA PESTANA GOMEZ, as natural parents of A.B.G.P., minor, a foreign resident; ANTONIO SCETTRI SABELLO, a foreign resident; SHARON SEGAL SHEERO, a foreign resident; GIULIO JOSE SPAZIANI ESPINOZA, a foreign resident; ANTONIETA LAVINIA NAPOLITANO DE HERRERA, a foreign resident; ANTONIO CURCIO, a foreign resident; DAISY MARIA CARPIO HERNANDEZ, a foreign resident; ERIKA ISIS BOLIVAR QUINTERO, a foreign

resident; LUIS RAFAEL CAMPAGNA OROPEZA, a foreign resident; JONATHAN BENLOLO and SHARON SEGAL SHERRO as natural parents of M.H.B., minor, a foreign resident; ANTONIO CURCIO and ERIKA ISIS BOLIVAR QUINTERO as natural parent of A.S.C.B., minor, a foreign resident; KASAN MAKLAD SLAHOUB, a foreign resident; RICARDO ANTONIO MALDONADO, a foreign resident; JUANA MARIA PAEZ-PUMAR DE MALDONADO, a foreign resident; ELSA CALDERON DE DOVALES, a foreign resident; EVER JOSE DOVALES ROJAS, a foreign resident; and YULIET ROCIO DOVALES CALDERON, a foreign resident; ADAM MARCEL RODRIGUEZ BECERRA a foreign resident;

 Plaintiffs,

vs.

DYNAMIC INTERNATIONAL AIRWAYS, LLC, a foreign corporation; and KALITTA AIR, LLC, D/B/A KALITTA MAINTENANCE, a foreign corporation,

 Defendants.
_____/

**DEFENDANT, DYNAMIC INTERNATIONAL AIRWAYS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

 Defendant Dynamic International Airways, LLC (hereinafter "Dynamic"), by and through its attorneys of record, Clyde & Co US LLP, hereby answers the first amended complaint of all plaintiffs cited in the caption (hereinafter "plaintiffs") as follows:

**AS TO THE ALLEGATIONS IN THE INTRODUCTION**

 1. As to the allegations contained in paragraph 1 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that a fire began in an area external to the left engine of the aircraft performing Dynamic Flight No. 405 while taxiing for departure from Fort Lauderdale, Florida, to Caracas, Venezuela, on October 29, 2015, and that the rights and liabilities of the parties are governed by either the Convention for the Unification of Certain Rules for

International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45 1999 WL 33292734 (hereinafter "the Montreal Convention") or the Convention for the Unification of Certain Rules for International Carriage by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C. § 40105 (1997) (hereinafter "the Warsaw Convention"), as amended by the Protocol done at the Hague on September 28, 1955, reprinted in S. Exec. Rep. no. 105-20, pp. 21-32 (1998).

2. The statement contained in paragraph 2 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

### AS TO THE ALLEGATIONS CONCERNING JURISDICTION AND VENUE

3. As to the allegations contained in paragraph 3 of plaintiffs' complaint, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

4. As to the allegations contained in paragraph 4 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that it has a registered agent in the State of Florida.

5. The statement contained in paragraph 5 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

6. As to the allegations contained in paragraph 6 of plaintiffs' complaint, Dynamic denies said allegations.

7. As to the allegations contained in paragraph 7 of plaintiffs' complaint, Dynamic denies said allegations.

8. As to the allegations contained in paragraph 8 of plaintiffs' complaint, Dynamic denies said allegations.

9. As to the allegations contained in paragraph 9 of plaintiffs' complaint, Dynamic denies said allegations except Dynamic admits that subject matter jurisdiction is proper in this Court, that the United States is a party to the Montreal Convention and the Warsaw Convention and that plaintiffs' claims are governed by either the Montreal Convention or the Warsaw Convention.

10. The statement contained in paragraph 10 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

11. As to the allegations contained in paragraph 11 of plaintiffs' complaint, Dynamic denies said allegations.

## AS TO THE ALLEGATIONS CONCERNING THE PARTIES

13. [*sic*] As to the allegations contained in paragraph 13 [*sic*] of plaintiffs' complaint, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

14. As to the allegations contained in paragraph 14 of plaintiffs' complaint, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

15. As to the allegations contained in paragraph 15 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that it is a foreign limited liability company and has its principal place of business in North Carolina.

16. As to the allegations contained in paragraph 16 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that Moris & Associates is Dynamic's registered agent in the State of Florida.

17. The statement contained in paragraph 17 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

18. The statement contained in paragraph 18 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

19. The statement contained in paragraph 19 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

20. The statement contained in paragraph 20 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic denies said allegations, except that Dynamic admits that Kalitta Air, LLC, d/b/a Kalitta Maintenance ("Kalitta") performed maintenance on the subject aircraft, a Boeing 767-200 ER aircraft bearing FAA registration number N251MY, prior to October 29, 2015.

## AS TO THE GENERAL ALLEGATIONS

21.     As to the allegations contained in paragraph 21 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that, on the date of the alleged incident, it was an air carrier engaged in the carriage of passengers and that the aircraft performing Flight No. 405 was being leased and operated by Dynamic.

22.     As to the allegations contained in paragraph 22 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that it leased and operated Flight No. 405, which was scheduled to depart from Fort Lauderdale, Florida to Caracas, Venezuela on or about October 29, 2015.

23.     As to the allegations contained in paragraph 23 of plaintiff's complaint, Dynamic denies said allegations, except that Dynamic admits that it operated Flight No. 405, the aircraft for which was a Boeing 767-200 ER aircraft bearing FAA registration number N251MY, which was scheduled to depart from Fort Lauderdale, Florida to Caracas, Venezuela on or about October 29, 2015.

24.     As to the allegations contained in paragraph 24 of plaintiff's complaint, Dynamic denies said allegations.

## AS TO COUNT I

25.     As to the allegations contained in paragraph 25 of plaintiffs' complaint, Dynamic re-alleges paragraphs 1-24 as if fully set forth herein.

26.     The statement contained in paragraph 26 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

27. As to the allegations contained in paragraph 27 of plaintiffs' complaint, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

28. As to the allegations contained in paragraph 28 of plaintiffs' complaint, Dynamic denies said allegations.

29. As to the allegations contained in paragraph 29 of plaintiffs' complaint, Dynamic denies said allegations.

30. As to the allegations contained in paragraph 30 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that the United States ratified the Montreal Convention prior to October 29, 2015.

31. As to the allegations contained in paragraph 31 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that the United States is a State Party to the Montreal Convention and some plaintiffs' claims may be governed by the Montreal Convention.

32. As to the allegations contained in paragraph 32 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that Article 17 of the Montreal Convention provides that a "carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

33. As to the allegations contained in paragraph 33 of plaintiffs' complaint, Dynamic denies said allegations.

34. As to the allegations contained in paragraph 34 of plaintiffs' complaint, Dynamic denies said allegations.

35. As to the allegations contained in paragraph 35 of plaintiffs' complaint, Dynamic denies said allegations.

36. As to the allegations contained in paragraph 36 of plaintiffs' complaint, Dynamic denies said allegations.

## AS TO COUNT II

37. As to the allegations contained in paragraph 37 of plaintiffs' complaint, Dynamic re-alleges paragraphs 1-24 as if fully set forth herein.

38. The statement contained in paragraph 38 of plaintiffs' complaint is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

39. As to the allegations contained in paragraph 39 of plaintiffs' complaint, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

40. As to the allegations contained in paragraph 40 of plaintiffs' complaint, Dynamic denies said allegations.

41. As to the allegations contained in paragraph 41 of plaintiffs' complaint, Dynamic denies said allegations.

42. As to the allegations contained in paragraph 42 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that the United States ratified the Warsaw Convention prior to October 29, 2015.

43. As to the allegations contained in paragraph 43 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that the Bolivarian Republic of Venezuela ratified the Warsaw Convention prior to October 29, 2015.

44. As to the allegations contained in paragraph 44 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that the United States and Venezuela are State Parties to the Warsaw Convention and that some plaintiffs' claims may be governed by the Warsaw Convention.

45. As to the allegations contained in paragraph 45 of plaintiffs' complaint, Dynamic denies said allegations, except that Dynamic admits that Article 17 of the Warsaw Convention provides that a "carrier is liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

46. As to the allegations contained in paragraph 46 of plaintiffs' complaint, Dynamic denies said allegations.

47. As to the allegations contained in paragraph 47 of plaintiffs' complaint, Dynamic denies said allegations.

48. As to the allegations contained in paragraph 48 of plaintiffs' complaint, Dynamic denies said allegations.

49. As to the allegations contained in paragraph 49 of plaintiffs' complaint, Dynamic denies said allegations.

50. As to the allegations contained in paragraph 50 of plaintiffs' complaint, Dynamic denies said allegations.

## AS TO COUNT III

51. As to the allegations contained in paragraph 51 of plaintiffs' complaint, Dynamic re-alleges paragraphs 1-24 as if fully set forth herein.

52. The statement in paragraph 52 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except that Dynamic admits that Kalitta performed maintenance on the subject aircraft, a Boeing 767-200 ER aircraft bearing FAA registration number N251MY, prior to October 29, 2015.

53. The statement in paragraph 53 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except that Dynamic admits that Kalitta performed maintenance on the subject aircraft, a Boeing 767-200 ER aircraft bearing FAA registration number N251MY, prior to October 29, 2015.

54. The statement in paragraph 54 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except that Dynamic admits that Kalitta performed maintenance on the subject aircraft, a Boeing 767-200 ER aircraft bearing FAA registration number N251MY, prior to October 29, 2015.

55. The statement in paragraph 55 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except that Dynamic admits that Kalitta performed maintenance on the subject aircraft, a Boeing 767-200 ER aircraft bearing FAA registration number N251MY, prior to October 29, 2015.

56. The statement in paragraph 56 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except that Dynamic admits that Kalitta performed maintenance on the subject aircraft, a Boeing 767-200 ER aircraft bearing FAA registration number N251MY, prior to October 29, 2015.

57. The statement in paragraph 57 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

58. The statement in paragraph 58 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except that Dynamic admits that Kalitta performed maintenance on the subject aircraft, a Boeing 767-200 ER aircraft bearing FAA registration number N251MY, prior to October 29, 2015.

59. The statement in paragraph 59 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

60. The statement in paragraph 60 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

61. The statement in paragraph 61 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

62. The statement in paragraph 62 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

63. The statement in paragraph 63 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

64. The statement in paragraph 64 is not directed to Dynamic and requires no response. To the extent that a response is required, Dynamic is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

65. Plaintiffs' complaint is barred because it fails to state a claim against Dynamic upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

66. Plaintiffs' complaint is barred because plaintiffs lack standing and/or capacity to bring this action.

### THIRD AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

67. Plaintiffs' complaint is barred by plaintiffs' failure to take steps to mitigate their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

68. Any injuries, damages or loss sustained by plaintiffs, if such occurred, were proximately caused and/or contributed to by their own fault or negligence in that they did not exercise ordinary care on their own behalf and acted recklessly or carelessly at the time and place set forth in the complaint. Accordingly, plaintiffs' recovery, if any, should be denied or reduced by the amount of fault or negligence attributable to their conduct.

### FIFTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

69. Plaintiffs' complaint should be dismissed, or in the alternative, stayed, due to the doctrine of forum *non conveniens*.

### SIXTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

70. The liability of Dynamic, if any, with respect to plaintiffs' alleged damages is limited or excluded in accordance with Dynamic's conditions of carriage, conditions of contract and/or the provisions of its passenger rules and fares tariff.

### SEVENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

71. The incident alleged in the complaint, and the damage that plaintiffs allege they suffered as a result thereof, were due to the negligence or other wrongful acts or omissions of persons or entities other than Dynamic. However, in the event that a finding is made that negligence exists on the part of Dynamic, which proximately contributed to plaintiffs' damages alleged in the

complaint, Dynamic's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative fault or negligence of such other persons or entities contributed to the happening of the alleged incident and damages upon which plaintiffs seek recovery.

### EIGHTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

72. Plaintiffs' damages, if any, are due to the acts or omissions of persons or entities other than Dynamic. However, in the event a finding is made that liability exists on the part of Dynamic, Dynamic is entitled to an allocation of liability and damages, indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

### NINTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

73. The injuries, damages and losses allegedly suffered by plaintiffs were caused by intervening and superseding causes, and not caused by Dynamic.

### TENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

74. Plaintiffs' damages, if any, were caused in whole or in part by the acts or omissions of plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

75. Whatever injury, damage or loss that may have been sustained by plaintiffs was not proximately caused by any act or omission on the part of Dynamic.

### TWELFTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

76. The rights and liabilities of the parties in this action are exclusively governed by a treaty of the United States known as the Convention for Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, 137

L.N.T.S. 11, reprinted in 49 U.S.C. § 40105 (note) (1997) as amended by the Protocol done at the Hague on September 28, 1955, reprinted in S. Exec. Rep. No. 105-20, pp. 21-32 (1998), commonly referred to as the Warsaw Convention (hereinafter "Warsaw Convention").

### THIRTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

77. The liability of Dynamic, if any, is limited or excluded in accordance with the provisions of the Warsaw Convention, including, but not limited to:

   a. Article 17 of the Warsaw Convention, in that plaintiffs' alleged injuries are not "bodily injuries" caused by an "accident" within the meaning of Article 17 of the Warsaw Convention;

   b. Article 20(1) of the Warsaw Convention, in that Dynamic and its agents took all necessary measures to avoid the alleged incident or that it was impossible for Dynamic to take such measures;

   c. Article 21 of the Warsaw Convention, in that plaintiffs were negligent in causing or contributing to the damages they allegedly sustained; and

   d. Article 22 of the Warsaw Convention, in that Dynamic is not liable to plaintiffs to the extent plaintiffs' alleged damages exceed the amount of 16,600 Special Drawing Rights ("SDRs").

### FOURTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

78. The rights and liabilities of the parties in this action are exclusively governed by a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "the Montreal Convention").

### FIFTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

79. The liability of Dynamic, if any, is limited or excluded in accordance with the provisions of the Montreal Convention, including, but not limited to:

    a. Article 17 of the Montreal Convention, in that plaintiffs' alleged injuries are not "bodily injuries" caused by an "accident" within the meaning of Article 17 of the Montreal Convention;

    b. Article 20 of the Montreal Convention, in that plaintiffs' alleged injuries were caused or contributed to by the negligence or other wrongful act or omission of plaintiffs; and

    c. Article 21 of the Montreal Convention, in that to the extent plaintiffs' alleged damages exceed the amount of 113,100 SDRs, Dynamic is not liable to plaintiff because such damage was not due to the negligence or other wrongful act or omission of Dynamic or its servants or agents, or such damage was caused or contributed to by the negligence or other wrongful act or omission of a third party.

### SIXTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

80. If plaintiffs are entitled to recover damages, which is denied, the amount of any damages should be reduced in whole or in part by the amounts received from any collateral source.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

81. Plaintiffs' action is barred because plaintiffs failed to exercise reasonable and ordinary care to avoid an obvious danger to the extent such a danger existed.

## RULE 44.1 NOTICE

82.     Pursuant to Federal Rule of Civil Procedure 44.1, Dynamic hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, Dynamic prays for judgment as follows:

1.     That plaintiffs take nothing by reason of their complaint and for judgment in favor of Dynamic;

2.     That Dynamic be awarded costs of suit incurred herein; and

3.     For such other and further relief as the Court deems necessary, just and proper.

Date:   June 7, 2018

           CLYDE & CO US LLP
           1221 Brickell Avenue, Suite 1600
           Miami, Florida 33131
           Tel: (305) 446-2646
           Fax: (305) 441-2374

           By:  */s Clayton W. Thornton*
              J. Thompson Thornton, Esq.
              Florida Bar No. 356107
              tom.thornton@clydeco.us
              Clayton W. Thornton, Esq.
              Florida Bar No. 105609
              clayton.thornton@clydeco.us
              Secondary: eservice@clydeco.us

           -and-

           Kevin R. Sutherland
           Kevin O. Moon
           Natasha N. Mikha
           (Admitted *Pro Hac Vice*)

            Attorneys for Defendant
            Dynamic International Airways, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic mail this 7th day of June, 2018, upon **STEVEN C. MARKS, ESQ.,** Podhurst, Orseck, P.A.., SunTrust International Center, Suite 2700, One S.E. Third Avenue, Miami, Florida 33131 (pleadings-smarks@podhurst.com; laja@podhurst.com; asanjenis@podhurst.com).

        **CLYDE & CO US LLP**
        Counsel for Defendant
        1221 Brickell Avenue
        Suite 1600
        Miami, FL 33131
        Tel:  305-446-2646
        Fax:  305-441-2374

By:   */s Clayton W. Thornton*
        **J. Thompson Thornton, Esq.**
        Florida Bar No. 356107
        tom.thornton@clydeco.us
        Clayton W. Thornton, Esq.
        Florida Bar No. 105609
        clayton.thornton@clydeco.us
        Secondary: eservice@clydeco.us

        -and-

        Kevin R. Sutherland
        Kevin O. Moon
        Natasha N. Mikha
        (Admitted *Pro Hac Vice*)